

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKISHA MAJOR | 16    5107 |
| v. | CIVIL ACTION NO. |
| PHILADELPHIA POLICE OFFICER DAVID MOCKUS, Badge #4750 and PHILADELPHIA POLICE OFFICER RAYMOND HALL, Badge #2920 and PHILADELPHIA POLICE OFFICER VINCENT GUARNA, Badge #9032 and CITY OF PHILADELPHIA | *JURY TRIAL DEMANDED* |

### CIVIL ACTION COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and under the common law of the Commonwealth of Pennsylvania.

2. This Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff further invokes supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### PARTIES

3. Plaintiff is **MARKISHA MAJOR**, an adult individual residing at 5101 Duffield Street in Philadelphia, Pennsylvania.

4. Defendant is **POLICE OFFICER DAVID MOCKUS, Badge #4750**, an adult individual employed as a police officer for the City of Philadelphia who was employed in such capacity at all times material hereto and who was among the officers who assaulted and arrested the plaintiff, Markisha Major, on September 23, 2014.

5. Defendant is also **POLICE OFFICER RAYMOND HALL, Badge #2920**, an adult

individual employed as a police officer for the City of Philadelphia who was employed in such capacity at all times material hereto and who was among the officers who assaulted and arrested the plaintiff, Markisha Major, on September 23, 2014.

6. Defendant is also **POLICE OFFICER VINCENT GUARNA, Badge #9032**, an adult individual employed as a police officer for the City of Philadelphia who was employed in such capacity at all times material hereto and who was among the officers who assaulted and arrested the plaintiff, Markisha Major, on September 23, 2014.

7. Defendant is also **CITY OF PHILADELPHIA**, a city of the first class located in the County of Philadelphia, organized and operating pursuant to state and local laws, in its capacity as the employer of the defendant Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

**FACTS**

8. At all times material hereto, Defendants Police Officer David Mockus, Badge #4750; Police Officer Raymond Hall, Badge #2920; and Police Officer Vincent Guarna, Badge #9032 were police officers of the City of Philadelphia and were acting in their capacities as agents, servants, workers, and employees of this entity under its direction and control and were acting pursuant to either official policy or the custom, practice, and usage of the City of Philadelphia's Police Department.

9. Defendant City of Philadelphia, in this cause, acted through its agents, servants, workers, and employees, who was or were the policymakers for the City of Philadelphia and for its employees, including Defendants Police Officer David Mockus, Badge #4750; Police Officer Raymond Hall, Badge #2920; and Police Officer Vincent Guarna, Badge #9032, who, along with other officers, were involved in the arrest and assault and/or beating of Plaintiff Markisha Major, on or about September 23, 2014.

10. On September 23, 2014 at approximately 8:03 p.m., the plaintiff, Markisha Major,

was arrested by officers of Defendant City of Philadelphia's police department including Defendants Police Officer David Mockus, Badge #4750 and Police Officer Raymond Hall, Badge #2920.

12. Upon hearing a disturbance on the front porch of Plaintiff's residence at 5101 Duffield Street in Philadelphia, Pennsylvania, Plaintiff came outside to determine what was occurring, at which point she encountered Defendants Police Officer David Mockus, Badge #4750 and Police Officer Raymond Hall, Badge #2920, who subjected Plaintiff to unreasonable, unnecessary, and excessive physical force, which included but was not limited to: slamming her body into hard surfaces, pushing and hitting.

13. Following the assault, Defendant Police Officer Raymond Hall, Badge #2920 arrested the plaintiff, Markisha Major, without cause or justification, the report of which arrest was written by Defendant Police Officer Vincent Guarna, Badge #9032.

14. As a result of the above assault, the plaintiff, Markisha Major, sustained personal injuries including but not limited to: cervical spine sprain and strain, bilateral wrist sprain and strain, lumbar spine sprain and strain, multiple leg and facial contusions, and other injuries and conditions more fully set forth in the reports and records of Plaintiff's treating physicians.

15. Before the plaintiff was arrested by Defendant Police Officer Raymond Hall, Badge #2920, she was subjected to unnecessary and unreasonable force and deprived of her liberty in violation of the civil rights guaranteed to her by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, the application of which force was a factual cause of the injury to the plaintiff's person.

16. The foregoing actions of Philadelphia Police Officers, including but not limited to Defendants Police Officer David Mockus, Badge #4750; Police Officer Raymond Hall, Badge #2920; and Police Officer Vincent Guarna, Badge #9032, constituted a violation of the plaintiff's constitutional right to be free from the use of excessive force and a violation of her right to be

free from summary punishment.

17. After the assault and battery inflicted upon her by the defendant police officers, the plaintiff suffered pain and suffering and endured humiliation and embarrassment.

18. As a direct and proximate result of the said acts, the plaintiff suffered injuries and damages including but not limited to the following:

> a) violation of her constitutional right to be free from the use of excessive force;
>
> b) violation of her right to be free from summary punishment;
>
> c) loss of physical liberty;
>
> d) physical pain and suffering;
>
> e) multiple sprains, strains, and contusions;
>
> f) emotional upset and trauma;
>
> g) humiliation and embarrassment; and
>
> h) injury to her reputation.

All entitling her to compensatory and punitive damages as set forth below.

## COUNT I

### 42 U.S.C.§ 1983 AGAINST DEFENDANT OFFICERS

19. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth at length.

20. Plaintiff Markisha Major claims damages against Defendants Police Officer David Mockus, Badge #4750; Police Officer Raymond Hall, Badge #2920; and Police Officer Vincent Guarna, Badge #9032, as well as other City of Philadelphia police officers involved in the arrest and beating of the plaintiff, Markisha Major, individually and in their official capacities, for the injuries and damages set forth above under 42 U.S.C. § 1983 for violation of the plaintiff's constitutional rights under color of state law.

## COUNT II

### ASSAULT AND BATTERY AGAINST DEFENDANT OFFICERS

21. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth at length.

22. Defendant Philadelphia Police Officers involved in the beating of the plaintiff, Markisha Major, including but not limited to Defendants Police Officer David Mockus, Badge #4750 and Police Officer Raymond Hall, Badge #2920, assaulted and battered the plaintiff prior to arresting her.

23. As a result of this assault and battery, the plaintiff suffered the aforesaid injuries and damages.

## COUNT III

### FEDERAL CIVIL RIGHTS VIOLATIONS, 42 U.S.C, § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA

24. Paragraphs 1 through 23 are incorporated here by reference as though fully set forth at length.

25. As a direct and proximate result of the defendants' conduct committed under color of state law, the defendants deprived the plaintiff, Markisha Major, of her rights, privileges, and immunities under the laws and Constitution of the United States, her right to be free from unreasonable and excessive force, to be free from summary punishment, to be secure in her person and property and to due process of law. As a result, the plaintiff suffered harm in violation of her rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

26. As a direct and proximate result of the acts of all defendants, the plaintiff sustained physical injuries.

27. It was the policy and/or custom of the defendant, City of Philadelphia, to tolerate, condone, and, through inaction, encourage the unconstitutional conduct of police officers

including most especially defendant City of Philadelphia police officers, including but not limited to Defendants Police Officer David Mockus, Badge #4750; Police Officer Raymond Hall, Badge #2920; and Police Officer Vincent Guarna, Badge #9032, who Defendant knew had committed similar acts of physical violence upon individuals while acting under the authority of their office and under color of state law.

28. The defendant, City of Philadelphia, has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. the abuse of police powers, including but not limited to the use of excessive force, the use of summary punishment and deprivation of citizens' due process rights;

   b. the failure of police officers to follow established policies and procedures regarding proper procedure for arrest;

   c. proper procedures, in the manner in which prisoners are housed and processed so that they are not subject to physical abuse at the hands of police so that: i) employees of Defendant City of Philadelphia, including the defendant officers in this case, can be properly trained, supervised and disciplined for conduct related to the performance of their duties; ii) Defendant City of Philadelphia can properly monitor the conduct and performance of their employees to assure compliance with the laws and Constitutions of the United States and the Commonwealth of Pennsylvania; and iii) citizens such as Plaintiffs can determine the identities of those employees who subject them to constitutional violations under such circumstances as presented herein and thereby seek vindication of their constitutional and statutory rights; and

   d. The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein.

29. Defendant City of Philadelphia failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police, including the defendant officers in this case, to violate the rights of citizens such as the plaintiff.

30. By these actions, all defendants, acting in concert and conspiracy, have deprived

the plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

31. It was the policy or custom of the defendant, City of Philadelphia, to inadequately supervise and train its police officers, thereby failing to adequately discourage further constitutional violations on the part of its officers.

32. The defendant, City of Philadelphia, failed to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other City of Philadelphia police officers, thereby causing and encouraging Philadelphia police officers, including the defendant officers in this case, to violate the rights of citizens such as the plaintiff.

33. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia, including but not limited to the individual defendants herein, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

34. The above-described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia to the constitutional rights of persons within the City of Philadelphia, and were the cause of the violations of minor plaintiff's rights as described herein.

### COUNT IV

### SUPPLEMENTAL STATE CLAIMS - ASSAULT AND BATTERY

35. Paragraphs 1 through 34 are incorporated herein by reference as though fully set forth at length.

36. The acts and conduct of the defendant officers in this cause of action constitutes assault, battery, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and

adjudicate these claims.

## COUNT V

### SUPPLEMENTAL STATE CLAIMS – FALSE ARREST

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth at length.

38. The acts and conduct of the defendant officers in detaining and arresting the plaintiff constitutes a false arrest under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiff, Markisha Major, requests that the Court:

    a) award compensatory damages to the plaintiff against the defendants jointly and severally;

    b) award exemplary or punitive damages against the defendants;

    c) award reasonable costs and attorney's fees to the plaintiff; *and*

    d) award such other relief as the Court may deem appropriate

JAFFE & HOUGH

By: _____
TIMOTHY R. HOUGH, ESQ.
Attorney for Plaintiff
I.D. # 40898
JAFFE & HOUGH
1907 Two Penn Center Plaza
15th Street & JFK Blvd.
Philadelphia, PA 19102
(215) 564-5200

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

16-cv-5107

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Markisha Major

**DEFENDANTS**
The City of Philadelphia; Phila. Police Officer David Mockus, Badge # 4750; Phila. P.O. Raymond Hall, Badge # 2920; Phila. P.O Vincent Guara, Badge # 9032. Phila. Police Comiss. Richard Ross, Jr.

(b) County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
JAFFE & HOUGH
1907 Two Penn Center Plaza, 1500 JFK BLVD
215 654 5200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Civil rights violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* NONE
JUDGE _____ DOCKET NUMBER _____

DATE: 9/23/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

SEP 23 2016

UNITED STATES DISTRICT COURT

16    5107

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Markisha Major, 5001 Duffield Street, Philadelphia, PA 19124

Address of Defendant: Law Department, 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☑

Does this case involve multidistrict litigation possibilities?    Yes☐    No☑
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Timothy R. Hough, Esq. _____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 23, 2016 _____ _____ 40898 _____
                                                   Attorney-at-Law                                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 23, 2016 _____ _____ 40898 _____
                                                   Attorney-at-Law                                Attorney I.D.#

CIV. 609 (5/2012)

SEP 23 2016



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARKISHA MAJOR | : | CIVIL ACTION |
| v. | : | |
| PHILADELPHIA POLICE OFFICER DAVID MOCKUS, BADGE #4750. et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

SEP 23 2016

| September 23, 2016 | Timothy R. Hough, Esq. | Plaintiff Major |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 564-5200 | (215) 563- 8729 | jafhough@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02